### SHELDON v. PALLISER et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

1. MORTGAGE—DELIVERY OF SATISFACTION IN ESCROW.
   Where a mortgagor, in pursuance of an executory agreement, delivers a satisfaction piece in escrow, to be effective and recorded only when certain other liens are satisfied of record, and the liens are not satisfied, and the agreement itself is never consummated, the mortgage continues in full force and effect.

2. SAME—DEFENSES.
   Even if, in an action to foreclose such a mortgage, the facts were such as to constitute a defense, the fact that one of the defendants had held a mechanic's lien on the property, which, in reliance upon an agreement with a third person to which plaintiff was not a party, he had satisfied of record, would give him no standing to maintain the defense.

Appeal from special term, Kings county.

Action by Esther B. Sheldon against Melvin G. Palliser and others. From a judgment of foreclosure, defendant Palliser appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Hector M. Hitchings, for appellant.

George E. Miner (George F. Alexander, on the brief), for respondent.

GOODRICH P. J. The action is brought to foreclose a purchase-money mortgage executed in December, 1895, by the defendant Albert W. Furber to the plaintiff, on certain lots on Patchen avenue, Brooklyn. Answers were served by several defendants. The issues were tried at special term, and a judgment was entered for the plaintiff, from which only the defendant Palliser appeals.

Simultaneously with the execution of the mortgage, the plaintiff had conveyed the premises to Furber. There was also a second mortgage, called a "building loan mortgage," executed by Furber to the plaintiff, there being some arrangement for the erection of four houses on the premises. It is unnecessary to enter into the particulars of that agreement except to say that the amount of this second mortgage was to be paid out in four separate payments as the building progressed. Shortly after the work was commenced, and before the second payment was reached, the builders became involved in financial difficulties, and three mechanic's liens were filed; one of them by Alyea & Hughes, who subsequently made a general assignment to the defendant Palliser for the benefit of their creditors.

The creditors made some arrangement for the adjustment of affairs, in pursuance of which new mortgages were executed to the plaintiff by one Pilcher, to whom the property had been conveyed, and who agreed to complete the buildings; and these mortgages were intended to take the place of the mortgage in suit and the second mortgage of $6,000, when all previous liens and incumbrances were satisfied. Alyea & Hughes executed and filed a satisfaction of their lien, upon an agreement that they were to be paid 70 per cent. of the amount out of the payments which should become due as the buildings were being constructed by Pilcher. The plaintiff executed satisfaction pieces of her mortgages, which were put in escrow, and were to be effective, and recorded only when all the liens on the property prior to the new mortgages were satisfied of record.

It is only necessary to say that the terms of this arrangement were never complied with. There was a second suspension of the work. The liens were never all satisfied of record. The agreement upon which the plaintiff put her satisfaction pieces in escrow was never consummated; and the particular payment to Pilcher, out of which the claim of Alyea & Hughes was to be paid, was never reached. Her mortgage in suit, therefore, remained a first and purchase money mortgage, in full force and effect. It may be said, however, that, if the evidence pointed to a different conclusion, we cannot see that the defendant Palliser has any standing from which he can attack the lien of the mortgage. His assignors were never owners of the property. They had no other interest in it than that of lienors. They executed a satisfaction piece of their lien, on an independent agreement that they were to be paid a certain part of their claim when a payment was reached by the new contractor; but, by the giving and filing of the satisfaction piece, their interest in the premises ceased absolutely. Whatever may be their right of action against the party with whom they made this agreement, Palliser certainly has no position of interest in the premises from which to attack the plaintiff's mortgage. There is no sufficient evidence of any agreement with her which can be construed into an agreement to postpone her consideration money mortgage to the lien of Alyea & Hughes, for work and materials thereafter furnished in subordination to her lien. That firm had some agreement by which it was to be paid 70 per cent. of its claim, but this only out of moneys which would have become due to the new contractor if he had fulfilled his contract; and this he never did, as we have already stated.

We are therefore of the opinion that the judgment should be affirmed. All concur.